*BOREL vs. FUSILLIER.*

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DIS-
TRICT, THE JUDGE OF THE DISTRICT PERSIDING.

Where a stipulation is made in favor of a party, prolonging the time of
payment, on condition that he pays interest annually; he must shew a per-
formance of the condition on his part, to entitle him to its benefit: The
plaintiff who sues need not prove a non-performance.

In a claim for a diminution on the price of certain slaves for redhibitory
defects; where the testimony is contradictory and not clear, the judgment of
the inferior court refusing the claim, will be affirmed.

This suit was instituted to recover of the defendant the
two first instalments of the purchase money of seven slaves,
sold by the plaintiff to the defendant for three thousand five
hundred dollars, on the 28th February, 1828.    There was a
stipulation in the act of sale, for a prolongation of time, on
paying interest, which was invoked on the part of the defen-
dant and which was refused, as not having been complied
with on his part.    [See the statement in the preceding
case for this stipulation.]

The defendant set up a further defence by claiming a di-
minution of $600 on the whole amount of the price of the
slaves, on account of a redhibitory vice or malady in one of
them, a woman, who is alleged to have been diseased at the
time of the sale, with asthma and dropsey.

There was evidence to show the negro woman was consi-
derably swelled before and at the time, and after the sale,
and had difficulty in breathing.    The doctor said it was the
asthma.

*Ursin Prevost* deposed that the defendant told him he
knew the wench, Mary-Ann, had the asthma at the time he
bought her, and for that reason he gave only $200 for her.
Had she been sound witness thinks she would have been
worth four or five hundred dollars.

The vender warranted the negroes sold, "against all redhi-
bitory vices and diseases whatever.

There was judgment against the plaintiff for 2066 dollars,

with eight per centum per annum interest from the time the two instalments became due, until paid.

The defendant's claim of diminution in price, &c., was rejected, as not having been established.

The defendant appealed.

*Bowen* for plaintiff.

*Simon* for defendant.

*Porter, J.* delivered the opinion of the court.

The plaintiff claims a sum of money from the defendant, due for slaves sold to him. There was judgment in the court of the first instance, in favor of the former, from which the latter has appealed.

One of the questions in the cause is settled by a decision made a few days since in this court between the same parties. The other relates to a claim set up for a deduction in the price, owing to redhibitory defects in the property purchased. The evidence on that head is contradictory; and we do not think it presents such a preponderance on the part of the appellant, as to authorize us to disturb the judgment of the inferior court.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

---

Western District,
*September* 1831.

BOREL
vs.
FUSILLIER

The allegation that interest was not paid is a negative assertion, which according to the rules of evidence, throw the proof on the adversary.

When a stipulation is made in favor of a party, prolonging the time of payment, on condition that he pays interest annually; he must shew a performance of the condition on his part, to entitle him to its benefit: The plaintiff who sues need not prove a non-performance.

In a claim for a diminution on the price of certain slaves for redhibitory defects; where the testimony is contradictory and not clear, the judgment of the inferior court refusing the claim, will be affirmed.